IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LAURIE LYNN LEE** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**AETNA LIFE INSURANCE** )<br>**COMPANY, INC.** )<br>)<br>Defendant ) | Case No. 7:15-CV-0342-GEC<br><br>Honorable Glen E. Conrad |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Aetna Life Insurance Company, Inc.'s ("Aetna") Brief in Support of its Motion for Summary Judgement on the Administrative Record, and Brief in Opposition to Plaintiff's Motion for Summary Judgment, makes a few meritorious points, but largely fails to contradict the position of Laurie Lynn Lee ("Lee") that Aetna abused its discretion in denying her claim for long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA, 29 U.S.C. § 1001, *et seq.*

1

# ARGUMENT

To narrow the issues before this Court, Lee acknowledges that:

1. The language of the Plan gives Aetna discretionary authority to evaluate a denial of Plan benefits. Accordingly, an abuse of discretion standard applies.

2. While Aetna's structural conflict as claims administrator and payer of the claim no longer requires a heightened standard, this structural conflict is still, nonetheless, a factor that this Court must consider under *Metro Life Ins. Co. v. Glenn,* 554 U.S. 105, 112 (2008). As the Fourth Circuit Court of Appeals stated in *Carden v. Aetna Life Ins. Co.*, 559 F.3d 256 (4th Cir. 2009) (internal citations omitted) ("[U]nder the Glenn review structure, we must consider the administrator's conflict of interest as only 'one factor among many' in determining the reasonableness of the administrator's decision exercising discretionary authority.")

3. Lee's favorable award of social security disability benefits post-dated Aetna's denial of her long-term disability benefits.

More important to Lee's argument that Aetna abused its discretion in denying her claim for long-term disability benefits:

1. Aetna fails to counter that Lee's inability to drive distances greater than 10 minutes because of her severe pain is compelling evidence of disability not

2

because of her inability to commute, but, rather, because of the functional limitations imposed by her severe pain that restricts her driving to no more than 10 minutes. As noted below, Lee was able to perform the "material duties of her occupation" at home only by lying down when necessary and working 12 hour days. Aetna's argument at page 18 of its Brief that if she could do her job at home, she could do it at the office is not a reasonable basis for denying Lee's claim. To the contrary, it supports Lee's claim that her medical impairments precluded her from performing the material duties of her occupation or any other occupation without accommodations, such as working at home, that neither her former employer nor any other employer would afford to her on a permanent basis.

2. Aetna further fails to acknowledge or counter that Dr. Jamison found that Lee could only sit for less than 10 minutes before she had to change positions to relieve her pain [AR 261, 264, 268, 884-885, 886]. In fact, when sitting, she had to stand every 5-10 minutes to relieve her pain [AR 261, 884]. Aetna's re-characterization of this restriction to a "restriction of changing position every 15-20 minutes while sitting" [AR 251, 256, 386] is not consistent with Dr. Jamison's findings. And Aetna's argument at page 9 of its Brief that Lee was not entitled to benefits because her employer could accommodate a "restriction of changing position every 15-20 minutes while sitting" again assumes facts not in evidence: Lee, according to Dr. Jamison, had to change positions every 5-10 minutes, not

3

every 15-20 minutes. Whether her employer could accommodate this enhanced restriction is an issue that Aetna does not address, most likely because it is unreasonable to assume that any employer would accommodate an employee to this extent.

3. Aetna further fails even to address or counter Dr. Jamison's repeated findings that Lee "requires laying [sic] down to relieve swelling in leg." [AR 264, 268, 884,886]. This finding is consistent with Lee's written statement dated October 15, 2013, that "I was advised to put the [left] leg up and warm it . . . by lying down flat [AR 536]. If Lee had to lie down during the work day to relieve swelling in her left leg, she could not perform the material duties of her regular occupation, or, as a matter of fact, any other reasonable occupation. In reaching its decision, Aetna recited this functional limitation, in the context of Lee's working 10-12 hours per day from home, with breaks, on multiple occasions [AR 190, 239, 248, 256, 264, 265, 268,], but never considered or evaluated its impact. Surely no employer would accommodate an employee to the extent of allowing the employee to lie down during the work day to relieve pain or swelling in her leg.

4. Aetna further fails to counter Lee's explanation that she could work a full day at home only by frequently changing positions and lying flat in bed over a period beginning at 5 a.m. and ending as late as 11 p.m.[AR 537]. In fact, Aetna noted in its letter dated October 3, 2013, that, in response to Aetna's inquiry that

4

"if she cant [sic] sit more than 15-20 minutes how can she work 12 hours each day at a sedentary capacity," Lee responded "that she lies down when needed." [AR 73]. Aetna simply ignored this explanation, or, alternatively, assumed, without any reasonable basis, that Lee's employer would accommodate her at the office to the same extent that Lee was able to accommodate herself at home.

5. Aetna further fails to acknowledge or address that Dr. Jamison, based upon Lee's functional limitations, concluded, without hesitation, on October 16, 2013, that Lee had not progressed post-operation to the extent that she can seek meaningful employment [AR 887]; on December 15, 2013, that he does not expect her to return to work [AR 1102]; and on October 3, 2013, that she now requires disability [AR 915]. Aetna again simply ignored these unequivocal medical opinions from Lee's treating physician. While Dr. Jamison's conclusions may not be binding on Aetna, or on this Court, Lee's treating physician most certainly had the most knowledge about Lee's medical condition to opine that she could not perform successfully the material duties of the former work or any other work in light of her functional limitations. In failing even to consider them, Aetna abused its discretion.

## REQUEST FOR ORAL ARGUMENT

Lee renews her request that the Court hear oral argument from counsel in support of their respective motions for summary judgment.

5

## CONCLUSION

Aetna abused its discretion in denying Lee's claim for long-term disability benefits. In doing so, Aetna ignored the undisputed medical evidence from Lee's treating physician that her functional limitations prevent her from performing the material duties of her own occupation. Accordingly, this Court should overturn Aetna's denial of benefits as of July 15, 2013, and award Lee reasonable attorney fees and her costs incurred under 29 U.S.C. § 1132(g)(1).

Respectfully submitted,<br>
LAURIE LYNN LEE<br><br>
By: s/ Mark A. Black<br>
Of Counsel

Mark A. Black (VSB#20461)
Brumberg, Mackey & Wall, P.L.C.
30 Franklin Road, Suite 600
Roanoke, Virginia 24011
Telephone: (540) 343-2956
Facsimile: (540) 343-2987
Email: mblack@bmwlaw.com;
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I electronically filed this Reply Memorandum with the Clerk of this Court on May 18, 2016, which caused service on Jason C. Hicks, Esquire, counsel for Aetna.

/s Mark A. Black

7

Case 7:15-cv-00342-GEC   Document 18   Filed 05/18/16   Page 7 of 7   Pageid#: 1277